# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD A. ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRIS GRIJALVA, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:09-cv-01298-YNP<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AN AMENDED COMPLAINT, OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN 30 DAYS |

      Plaintiff Ronald A. Rogers ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently housed in Coalinga State Hospital in Coalinga, California. Plaintiff is suing under section 1983 for the violation of his constitutional rights. Plaintiff names Chris Grijalva, Jose Perez, John Sanzberro, and Does 1-10 as defendants. For the reasons set forth below the Court finds that Plaintiff's complaint states some cognizable claims against Defendants Grijalva and Perez. Plaintiff will be given the option to either (1) file an amended complaint which cures the deficiencies identified in his other claims, or (2) notify the Court that he wishes to proceed only on the claims found to be cognizable in this order.

**I.    Screening**

      Plaintiff is proceeding in forma pauperis in this action. Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss any action brought in forma pauperis at any time if the Court determines that the

///

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.   Background**

Plaintiff describes multiple incidents where Defendants harassed Plaintiff. On January 29, 2009, Plaintiff claims that he was rudely awakened from a dead sleep by Defendants Perez and Grijalva. Plaintiff alleges that he is a "day sleeper" and has repeatedly asked staff not to awaken Plaintiff during the day unless it is a bona fide emergency. Plaintiff claims that Perez and Grijalva, along with psychiatric technician Julio Zuniga, barged into Plaintiff's dorm at around 1:30 p.m. and woke Plaintiff up for a routine weekly search. Plaintiff claims that he does not receive much sleep because he is plagued by nightmares and that the lack of sleep is "literally killing plaintiff." Plaintiff claims that this incident was the second time Perez intentionally disturbed Plaintiff's sleep.

On January 31, 2009, Plaintiff claims that Grijalva and Perez again woke Plaintiff up by searching the area around Plaintiff's bed while he was asleep. Plaintiff claims Defendants were searching for contraband. Plaintiff later heard Perez on the telephone asking the medical department

whether Plaintiff's prescription for his walking cane was current. Perez then told Plaintiff that the prescription was not renewed by a doctor and seized it.

On March 3, 2009, Plaintiff returned to his dorm to find Grijalva in Plaintiff's room. Plaintiff claims that Grijalva was on his hands and knees looking under Plaintiff's bed and tampering with property. Plaintiff alleges that Grijalva was startled when Plaintiff entered and quickly left. Plaintiff does not allege whether any of his property was taken or damaged.

On May 17, 2009, Plaintiff was told by a medical nurse that he was scheduled for an outside medical appointment the next morning. Plaintiff refused the appointment after learning that he would be transported by correctional officers from the California Department of Corrections and Rehabilitation. On May 18, 2009, Grijalva woke Plaintiff up and again notified Plaintiff about the appointment. Plaintiff claims that Grijalva knew that Plaintiff cancelled the appointment and intentionally woke Plaintiff up to harass him. Plaintiff expressed his displeasure by cursing at Grijalva. Plaintiff went to the unit supervisor's office (Defendant Sanzberro), but the supervisor was absent. When Plaintiff returned, he passed by Grijalva again and continued to verbally harass him. After Plaintiff returned to bed, Grijalva entered Plaintiff's room with psych tech Darla Ainsworth. Grijalva announced that he was going to search Plaitniff's bed again. Plaintiff attempted to return to sleep but Girjalva told Plaintiff that they would not leave until Plaintiff got up so that they could search under Plaintiff's mattress. Plaintiff got up, grabbed a cup of cold water, and threw it at Grijalva. Plaintiff missed, but as a result, seven staff members tackled Plaintiff. Plaintiff did not resist and Girjalva ordered that Plaintiff be placed in mechanical restraints and placed in seclusion. Plaintiff told Grijalva that he would not resist and requested that his restraints be removed. Grijalva denied Plaintiff's request. Plaintiff was then given a body cavity search. After, Plaintiff was forced to sleep in a cold room and his request for a blanket was denied. Plaintiff claims that he was forced to urinate on the floor because he was held in the seclusion room for more than six hours. Plaintiff was also subjected to a blood draw that he did not consent to. Plaintiff was also involuntarily injected with a sedative.

Plaintiff claims that he previously filed a complaint against Perez for assaulting him. Plaintiff alleges that Girjalva's acts of harassment were made in retaliation for Plaintiff's complaints.

3

Plaintiff claims that Defendants' actions violated his rights under the Fourth and Fourteenth Amendments.

## III. Discussion

### A. Fourth Amendment/Fourteenth Amendment Due Process Claims

Plaintiff claims that Defendants violated his rights under the Fourth Amendment. The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. A search may be unreasonable under the Fourth Amendment if it is conducted in a harassing manner. Motley v. Parks, 383 F.3d 1058, 1069 (9th Cir. 2004) (discussing harassing searches conducted by parole officers). Plaintiff claims that Grijalva and Perez conducted multiple searches of Plaintiff's dorm in a harassing manner by intentionally disturbing Plaintiff's sleep after Plaintiff complained numerous times about being roused from sleep by Defendants and other hospital employees. Plaintiff also claims that he was strip searched in an unreasonable manner by Grijalva. Plaintiff states cognizable claims against Defendants Grijalva and Perez for the violation of his rights under the Fourth Amendment.

Plaintiff also claims that his constitutional rights were violated when he was tackled and placed in restraints bey Defendant Grijalva and other officers. The Due Process Clause of the Fourteenth Amendment prohibits the use of excessive force that amounts to punishment. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) (citing Graham v. Connor, 490 U.S. 386, 395 n.10 (1989)). Under the Fourth Amendment, the excessiveness of a use of force is analyzed under an "objective reasonableness" standard. Graham, 490 U.S. at 388. In determining whether a use of force is reasonable, the Court must analyze the facts from the viewpoint of a reasonable officer on the scene "rather than with the 20/20 vision of hindsight." Gibson, 290 F.3d at 1197 (quoting Graham, 490 U.S. at 396). The analysis must take consideration of the fact that "'officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.'" Id. at 1197-98 (quoting Graham, 490 U.S. at 396-97). Given the facts alleged, that Plaintiff admits that he had been verbally abusive and attacked Grijalva by throwing a cup at him, the Court finds that Grijalva's

response in restraining Plaintiff was not unreasonable under the Fourth Amendment. Plaintiff fails to allege facts that support a plausible claim under the Fourth or Fourteenth Amendment for the use of excessive force.

However, Plaintiff goes further and alleges that after he was placed in restraints, Grijalva and other hospital officials involuntarily drew blood from Plaintiff and administered sedatives. Plaintiff claims that those actions violated his rights under the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment. "The forcible injection of medication into a nonconsenting person's body represents a substantial interference with that person's liberty." Washington v. Harper, 494 U.S. 210, 229 (1990). Plaintiff "possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Id. at 221-22. The Supreme Court held that in the context of incarcerated inmates, "[t]he extent of a prisoner's right under the [Due Process] Clause to avoid the unwanted administration of antipsychotic drugs must be defined in the context of the inmate's confinement." Id. at 222. Thus, the infringement on an inmate's constitutional rights through involuntary medication will only be held valid if it is reasonably related to legitimate penological interests. Id. at 223 (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). It is unclear whether the same standard applies to Plaintiff, who is a civil detainee, not a convicted inmate incarcerated for punitive reasons.

However, the Ninth Circuit has held that the appropriate standard for assessing Fourteenth Amendment due process claims challenging the conditions of confinement for civil detainees is determining whether the nature and duration of commitment bears a reasonable relationship to the purpose for which the individual is committed. Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Jackson v. Indiana, 406 U.S. 715, 738 (1972)). Alternatively, construing Plaintiff's allegations of involuntary sedation as a "seizure" of Plaintiff's "person," Defendants actions must meet the objective reasonableness standard of the Fourth Amendment. Under either standard, the involuntary sedation of Plaintiff is a violation of his constitutional rights if it is not reasonably related to a legitimate purpose for which Plaintiff is committed. Plaintiff claims that his involuntary sedation and the involuntary blood draw did not bear a reasonable relationship to the hospital's need to prevent Plaintiff from harming himself or other hospital officials. Although Plaintiff's own

complaint contains allegations contradicting his contention that the sedation was unreasonable and unnecessary, the Court will accept Plaintiff's version of the facts as true. Plaintiff also claims that Grijalva unreasonably denied Plaintiff's request for a blanket to keep warm while in the "seclusion room."[1] Plaintiff states a cognizable claim against Defendant Grijalva for the violation of his rights under the Fourth/Fourteenth Amendment.

### C.    Fourteenth Amendment Equal Protection Claims

Plaintiff claims that his rights under the Equal Protection Clause of the Fourteenth Amendment were violated. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005). If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

///

---

[1] Plaintiff also alleges that while he was held in the "seclusion room" for over six hours, Grijalva did not offer Plaintiff anything to eat or drink and when Plaintiff had to use the bathroom, Plaintiff was forced to urinate off side of his bed. However, Plaintiff does not allege that he ever informed Grijalva or any other hospital official, that he was in need of food or drink, or needed to use the bathroom. The Court finds that Grijalva's failure to take the initiative and offer food or drink to Plaintiff, or offer Plaintiff use of the bathroom without receiving a specific request from Plaintiff, did not violate Plaintiff's constitutional rights.

6

Plaintiff has not alleged that he suffered any class-based discrimination. Plaintiff has not alleged that he is a member of any identifiable class, and Plaintiff has not alleged that he was intentionally treated differently or otherwise discriminated against because he is a member of any identifiable class. Thus, Plaintiff's complaint fails to state any cognizable claims under the Equal Protection Clause of the Fourteenth Amendment.

### D. 42 U.S.C. § 1985 Claims

Plaintiff claims that Defendants are liable under 42 U.S.C. § 1985. Section 1985(3) provides for a cause of action against one who conspires to deprive a person of equal protection of the laws. "To state a cause of action under § 1985(3), a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-103 (1971)). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin, 403 U.S. at 102.

Plaintiff fails to allege any cognizable claim for a deprivation of equal protection of the laws. See discussion supra Part III.C. Since there has been no violation of Plaintiff's equal protection rights, Plaintiff has no claim premised on a conspiracy to deprive him of equal protection of the laws. There is no allegation of class-based, invidiously discriminatory animus behind Defendants' actions. Plaintiff fails to state any cognizable claims for the violation of section 1985.

### E. Claims Against Defendant Sanzberro

Plaintiff names John Sanzberro as a defendant. However, Plaintiff's complaint does not allege any facts about what Sanzberro did or failed to do that caused a violation of Plaintiff's rights. Plaintiff alleges that Sanzberro is employed by the State of California Department of Mental Health at Coalinga State Hopsital and is a Unit Supervisor of Treatment. However, Plaintiff does not allege that Sanzberro directly participated in any of the incidents described in his complaint. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a

1  theory of respondeat superior and, therefore, when a named defendant holds a supervisory position,
2  the causal link between him and the claimed constitutional violation must be specifically alleged.
3  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th
4  Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based
5  on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that
6  supervisory defendants either: personally participated in the alleged deprivation of constitutional
7  rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a
8  policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving
9  force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal
10 citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

11      Plaintiff writes: "As defendant John Sanzberro, plaintiff cussed him out a couple weeks
12 before [the incident on January 29, 2009].  Waking people when they are sleeping is one of his *modi*
13 *operandi*."  (Compl. ¶ 22.)  Alleging that Plaintiff cussed Sanzberro out and that Sanzberro's modus
14 operandi is to wake people up when their sleeping is not sufficient to hold him liable under section
15 1983.  Sanzberro did not personally participate in the deprivation of Plaintiff's constitutional rights,
16 know of the violations and fail to act to prevent them, or promulgate or implement a policy so
17 deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the
18 constitutional violation.  Plaintiff fails to state any cognizable claims against Defendant Sanzberro.

19 **IV.    Conclusion and Order**

20      Plaintiff's complaint states cognizable claims against Defendants Grijalva and Perez for
21 subjecting Plaintiff to unreasonable and harassing searches in violation of the Fourth Amendment.
22 Plaintiff's complaint also states cognizable claims against Defendant Grijalva for sedating Plaintiff
23 without his consent and subjecting Plaintiff to unreasonable conditions of confinement in violation
24 of the Fourth and Fourteenth Amendments.  Plaintiff's complaint fails to state claims against any
25 other defendants.  The Court will provide Plaintiff with the opportunity to file an amended complaint
26 curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49
27 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in
28 ///

his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff two (2) summonses and two (2) USM-285 forms for completion and return.  Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a).  In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  The amended complaint must be "complete in itself without reference to the prior or superceded pleading."  Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

    Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Grijalva and Perez for the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   March 3, 2010**               /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE